Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| | | |
|---|---|---|
| CARLA P. ESPINET CRESPO<br>Recurrida<br><br><br>v.<br><br><br>CADUCEUS HEALTH, INC.;<br>FULANO DE TAL; CORPORACIÓN X<br>Peticionarios | KLCE202301037 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. GB2021CV00412<br><br>Sobre: Hostigamiento Sexual; Ley de Represalias (Ley Sumaria de Reclamaciones Laborales, Ley 2 del 17 de octubre de 1961) |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de enero de 2024.

Comparece Caduceus Healthcare, Inc. y Caduceus LLC conjuntamente (Caduceus o peticionario), solicitando que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Región Judicial de Bayamón (TPI), el 26 de agosto de 2023.[1] Mediante dicho dictamen el foro recurrido decidió denegar la *Moción de Sentencia Sumaria* presentada por Caduceus, al estimar que persistían controversias sobre hechos materiales que corresponden ser dilucidadas en juicio plenario.

Adelantamos que, habiendo examinado el escrito presentado por el peticionario, junto a la documentación pertinente que forma parte de su apéndice, decidimos denegar la expedición del auto de *certiorari.*

---

[1] Notificada el 27 de junio de 2023.

NÚMERO IDENTIFICADOR

SEN2024_____

## I. Resumen del tracto procesal

El 21 de junio de 2021, la señora Carla P. Espinet Crespo, (la señora Espinet o la recurrida), presentó una *Querella* en contra de Caduceus, esgrimiendo presuntas lesiones a sus derechos laborales, acogiéndose al procedimiento sumario establecido por la *Ley de Procedimiento Sumario de Reclamaciones Laborales,* Ley Núm. 2 de 17 de octubre de1961, (Ley Núm. 2). Con precisión, la promovente se amparó en las siguientes disposiciones legales para sustentar su petitorio: (1) despido injustificado, la *Ley de Indemnización por Despido sin Justa Causa,* Ley Núm. 80 del 30 de mayo de 1976, (Ley Núm. 80); (2) hostigamiento sexual, *Ley para prohibir el Hostigamiento Sexual en el Empleo,* Ley Núm. 17 del 22 de abril de 1988 (Ley Núm. 17) y; (3) represalias, *Ley de Represalias contra el Empleado por Ofrecer Testimonio,* Ley Núm. 115 de 20 de diciembre de 1991, (Ley Núm. 115).

En la acción incoada la recurrida alegó haber comenzado a trabajar en Caduceus el 27 de octubre de 2020 y que, a solo dos semanas de haber iniciado labores allí, comenzó a notar conductas impropias por parte del **presidente** de la corporación, Carlos López (el señor López), demostrando este un interés personal por ella. Señaló, entre otras, que el señor López no tenía control de sus comentarios, gestos y movidas, constantemente se situaba de pie detrás de su silla y la tocaba, apretaba sus hombros, olía y tocaba su cabello y hacía comentarios de halagos a su trasero, pechos, ojos y labios. Afirmó que tales conductas ocasionaron que se sintiera incómoda, ofendida y atacada como profesional, al entender que la razón de su contratación había sido por interés sexual, no atribuible a su profesionalismo. Añadió, que esta conducta se extendió a viajes de trabajo, comentarios en frente de otros funcionarios de la corporación, empleadas de Recursos Humanos y hasta preguntarle si podría ser su amante o *sugar daddy*.

En la demanda también se incluyó que, el 24 de mayo de 2021, la vicepresidenta de Recursos Humanos de la Oficina de Atlanta, Georgia, Yen Freznel, citó a una reunión a la recurrida, esto luego de que compañeros de trabajo escucharan comentarios del señor López hacia ella. En consecuencia, el 26 de mayo de 2021, se celebró una reunión formal, en la cual el señor López le pidió disculpas a la recurrida por su conducta. **Pasados once días de celebrada dicha reunión, el 8 de junio de 2021, la recurrida fue despedida por una alegada reducción de personal.** Es a partir de las alegaciones descritas que la recurrida instó la demanda bajo discusión, solicitando ser indemnizada, bajo los estatutos labores aludidos.

A raíz de ello, Caduceus presentó su *Contestación a la Querella.* Luego de negar y/o admitir varias de las alegaciones contenidas en la demanda, el peticionario esgrimió como defensas afirmativas, entre otras, que la cesantía de la recurrida se debió a no haber cumplido con unas condiciones principales de su contrato de empleo, referente a lograr la obtención de una propuesta importante, lo que provocó pérdidas económicas severas para la empresa. Es decir, el peticionario alzó como defensa que el despido de la recurrida no se debió a acto discriminatorio alguno, hostigamiento sexual y/o represalias, sino a causas justificadas.

Con posterioridad, el peticionario presentó *Moción en Solicitud de Conversión de Querella al Procedimiento Ordinario.* Presentado escrito en oposición por la recurrida, el foro primario emitió *Orden,* notificada el 3 de agosto de 2021, accediendo a la petición de Caduceus, por tanto, disponiendo que el pleito se continuara tramitando bajo el procedimiento ordinario.

Luego de varios tramites procesales, y concluido el descubrimiento de prueba, el peticionario presentó una *Solicitud de Sentencia Sumaria.* Luego de proponer en dicha moción ciento cuarenta y dos hechos materiales como incontrovertidos, junto a la prueba documental que

presuntamente los sustentaban, el peticionario pasó a explicar las razones por las cuales la cesantía de la recurrida fue justificada, por tanto, no producto de algún discrimen. En particular, sostuvo que las condiciones financieras del conglomerado corporativo se encontraban en un estado crítico, inclusive para la viabilidad de acceder al financiamiento de sus operaciones y que, por tales razones económicas, se había tomado la decisión de despedir a la señora Espinet. Sostuvo que la empresa competía por contratos de servicios a través de diversas agencias federales, pero, por un error en los documentos de acreditación sometidos por su equipo gerencial, le fueron cancelados el noventa por ciento de sus contratos, disminuyendo su facturación de cuarenta millones de dólares, a ocho millones de dólares. Añadió que, aunque luego se recuperó económicamente en alguna medida, no fue suficiente para enfrentar los gastos que tenía, por lo que se estableció una estrategia de mitigación, que incluyó el despido de empleados. Esgrimió, además, que la recurrida no tenía prueba para demostrar las alegaciones de hostigamiento sexual, pues contaba solamente con su propio testimonio, y los hechos demostraban que la relación del señor López con la recurrida era más bien de estrecha amistad.

En respuesta, la recurrida presentó su *Oposición a Moción de Sentencia Sumaria.* En lo pertinente, enumeró los hechos que Caduceus había identificado como incontrovertibles, aceptando o clarificando algunos, y oponiéndose a otros, para los cuales identificó evidencia documental con tal propósito. Entonces, luego de exponer el derecho que juzgaba procedente, arguyó que no debía desestimarse la demanda presentada pues había quedado establecido un caso *prima facie* de despido injustificado, y Caduceus no presentó la prueba que sustentara la alegada necesidad de reorganización y eliminación de plazas. Señaló que de los hechos del caso surgía que su despido se realizó de una manera altamente sospechosa, pues aconteció pasados pocos días desde que el

señor López se reuniera con esta para disculparse. Además, indicó como un hecho pertinente a la controversia que todas las empleadas que fueron despedidas junto a la recurrida, fueron empleadas nuevamente por Caduceus, menos esta última.

Examinados los escritos de las partes, el TPI emitió la *Resolución* cuya revocación nos solicita el peticionario, denegando la petición de sentencia sumaria. Entendió el foro primario que, a pesar del peticionario haber incluido una lista de ciento cuarenta y dos hechos como incontrovertidos, la mayoría de estos eran irrelevantes a la controversia, repetidos o no demostraban lo alegado. En cuanto a la defensa sobre la presunta situación económica delicada del peticionario, advirtió que no toda situación económica de una empresa da pie a un despido. Con relación a las alegaciones de hostigamiento sexual, llamó la atención al hecho de que tal conducta se da generalmente en privado, por lo que el tribunal debe sopesar los testimonios de las partes para entonces efectuar el juicio de credibilidad que le merezca, siendo en muchas ocasiones las partes las únicas envueltas en el asunto. En definitiva, el foro recurrido determinó que no procedía conceder el remedio sumario solicitado por el peticionario, pues se encontraban en controversia los siguientes hechos: (1) las razones por la cual fue despedida la señora Espinet, (2) si el despido de la señora Espinet fue justificado; (3) si la señora Espinet fue objeto de hostigamiento sexual y represalias.

Inconforme, Caduceus presentó *Moción de Reconsideración*, que fue denegada.

Es así como el peticionario acude ante nosotros, mediante recurso de *certiorari*, esgrimiendo los siguientes errores:

**PRIMER ERROR:** ERR[Ó] EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO DESESTIMAR SUMARIAMENTE LA TOTALIDAD DE LAS CAUSAS DE ACCI[Ó]N A PESAR LA CLARA PRUEBA INCONTROVERTIDA QUE SOSTIENE LA DEFENSA AFIRMATIVA DE JUSTA CAUSA BAJO EL PALIO DE LOS ARTICULOS 2(e) y (f) DE LA LEY NUM. 80 DEL 30 DE MAYO DE 1976 Y EL CASO NORMATIVO SEGARRA RIVERA

V. INTERNATIONAL SHIPPING 2022 TSPR 31 DEL 23 DE MARZO DE 2023.

**SEGUNDO ERROR:** ERR[Ó] EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO DESESTIMAR LAS ALEGACIONES POR HOSTIGAMIENTO SEXUAL Y REPRESALIAS EN EL EMPLEO A PESAR DE QUE LA DEMANDANTE NO CUENTA CON PRUEBA ADMISIBLE PARA CONTROVERTIR LA JUSTA CAUSA DE DESPIDO ARTICULADA Y SOSTENIDA POR PRUEBA ADMISIBLE.

Concedido término a la parte recurrida para presentar su postura, esta compareció sometiendo *Alegato de la Parte Querellante Recurrida.*

Con el beneficio de la comparecencia de las partes, estamos en posición de resolver.

## II. Exposición de Derecho

### A. La Sentencia Sumaria

El propósito de las Reglas de Procedimiento Civil es proveer a las partes que acuden a un tribunal una "solución justa, rápida y económica de todo procedimiento". 32 LPRA Ap. V, R.1; *González Santiago v. Baxter Healthcare*, 202 DPR 281, 290 (2019); *Roldan Flores v. M. Cuebas et al., 199* DPR 664, 676 (2018); *Rodríguez Méndez et al. v. Laser Eye,* 195 DPR 769, 785 (2016), *Oriental Bank v. Perapi et al.*, 192 DPR 7, 25 (2014). Procede dictar sentencia sumaria si "las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia si las hubiere, acreditan la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y pertinente y, además, si el derecho aplicable así lo justifica". *González Santiago v. Baxter Healthcare,* supra; *Roldan Flores v. M. Cuebas et al.,* supra; *Lugo Montalvo v. Sol Meliá Vacation,* 194 DPR 209, 225 (2015), *SLG Zapata-Rivera v. J. F. Montalvo*, 189 DPR 414, 430 (2013).

A tenor, este mecanismo está disponible para la disposición de reclamaciones que contengan elementos subjetivos únicamente cuando no existan controversias de hechos esenciales y pertinentes. *Rodríguez García*

*v. UCA,* 200 DPR 929, 940 (2018), *Velázquez Ortiz v. Mun. De Humacao,* 197 DPR 656, 661 (2017), *Reyes Sánchez v. Eaton Electrical,* 189 DPR 586, 594-595 (2013), *Const. José Carro v. Mun. de Dorado*, 186 DPR 113, 129 (2012). De lo que se sigue que "la mera existencia de una controversia de hecho es suficiente para derrotar una moción de sentencia sumaria ... cuando causa en el tribunal una duda real y sustancial sobre algún hecho relevante y pertinente". *Pepsi-Cola v. Mun. Cidra et al.,* 186 DPR 713, 756 (2012).

Por otra parte, es esencial reconocer que la Regla 36 de las de Procedimiento Civil, 32 LPRA Ap. V, R.36, establece de manera específica los requisitos de forma con los que debe cumplir la parte que promueve la moción de sentencia sumaria, así como la parte que se opone a ella. En lo pertinente, la parte promovente debe exponer un listado de hechos no controvertidos, desglosándolos en párrafos debidamente numerados y, para cada uno de ellos, especificar la página o el párrafo de la declaración jurada u otra prueba admisible que lo apoya. A su vez, la parte que se opone a la moción de sentencia sumaria está obligada a citar específicamente los párrafos según enumerados por el promovente que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100,137 (2015).

### A. Función revisora del foro apelativo con respecto a la sentencia sumaria dictada por el foro primario

En el caso de revisar sentencias del Tribunal de Primera Instancia dictadas mediante el mecanismo de sentencias sumarias o resolución que deniega su aplicación, este Tribunal de Apelaciones se encuentra en la misma posición que el tribunal inferior para evaluar su procedencia. *Meléndez González et al. v. M. Cuebas,* supra. Los criterios a seguir por este foro intermedio al atender la revisión de una sentencia sumaria

dictada por el foro primario han sido enumerados con exactitud por nuestro Tribunal Supremo. *Íd.* A tenor, el Tribunal de Apelaciones debe:

1) examinar de *novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario;

2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*;

3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos;

4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.

Además, al revisar la determinación del TPI respecto a una sentencia sumaria, estamos limitados de dos maneras; (1) solo podemos considerar los documentos que se presentaron ante el foro de primera instancia, (2) solo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. *Meléndez González, et al. v. M. Cuebas,* supra. El primer punto se enfoca en que las partes que recurren a un foro apelativo no pueden litigar asuntos que no fueron traídos a la atención del foro de instancia. Mientras que el segundo limita la facultad del foro apelativo a revisar si en el caso ante su consideración existen controversias reales en cuanto a los hechos materiales, pero no puede adjudicarlos. *Íd.* en la pág. 115. También, se ha aclarado que al foro apelativo le es vedado adjudicar los hechos materiales esenciales en disputa, porque dicha tarea le corresponde al foro de primera instancia. *Vera v. Bravo,* 161 DPR 308, 335 (2004).

**B.** *Certiorari*

El auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163, 174 (2020); *Municipio*

*Autónomo de Caguas v. JRO Construction*, 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare LLC.,* 194 DPR 723, 728 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró*, 165 DPR 324, 334 (2005). La expedición del auto descansa en la sana discreción del tribunal, y encuentra su característica distintiva, precisamente, en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Municipio Autónomo de Caguas v. JRO Construction,* supra*, pág. 711. El concepto discreción implica la facultad de elegir entre diversas opciones. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Claro, la discreción judicial no es irrestricta y ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Municipio Autónomo de Caguas v. JRO Construction,* supra*, págs. 711-712; *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52, establece, en lo pertinente, que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de la denegatoria de una moción de carácter dispositivo.

**III. Aplicación del Derecho a los hechos**

a.

Según ya se ha indicado, la Regla 52.1 de Procedimiento Civil, *supra*, nos autoriza a revisar determinaciones interlocutorias provenientes del foro primario, cuando este deniega la concesión de una moción dispositiva. La denegatoria de una moción de sentencia sumaria, como es el dictamen cuya revocación nos solicita el peticionario, se encuentra concebida dentro de las instancias en que se nos permite intervenir con un asunto interlocutorio, por lo tanto, estamos facultados para, de ejercer nuestra discreción, expedir el auto solicitado.

b.

Cabe reiterar, entonces, que la revisión por este Foro intermedio de una denegatoria de moción de sentencia sumaria acontece *de novo,* lo que nos requiere, en primer lugar, examinar si las partes cumplieron con las formalidades que exige la Regla 36 de Procedimiento Civil, *supra,* para entonces auscultar si subsiste algún hecho medular en controversia, y, de existir, verificar la corrección de la aplicación del derecho.

Respecto al primero de tales asuntos, juzgamos que tanto la *Moción de sentencia sumaria,* como el escrito presentado en oposición a esta, cumplen sustancialmente con las formalidades requeridas por la regla procesal citada para ponernos en posición de su consideración. Al así concluir, hacemos referencia esencialmente a que en su moción dispositiva el promovente incluyó una lista de hechos que entendía medulares e incontrovertidos, con alusión e inclusión de la prueba documental que, afirmó, los sustentaban, para concluir con la aplicación de derecho. Por su parte, en el escrito en oposición a petición de sentencia sumaria, la recurrida identificó cada uno de los hechos esgrimidos como incontrovertidos por el peticionario, admitiendo algunos y cuestionando otros, incluyendo la prueba documental que entendía servía para controvertirlos, y elaborando sobre las causas por las cuales se debía permitir dar lugar al juicio plenario y denegar la moción dispositiva presentada.

Entonces, atendiendo propiamente la discusión de los señalamientos de error esgrimidos por el peticionario en el recurso de *certiorari,* en el primero de estos dicha parte puso el acento en los siguientes hechos, como incontrovertidos, y que resultaban dispositivos de la querella presentada: (1) que los primeros cuatro meses de 2021 la empresa sufrió pérdidas económicas críticas; (2) que tales pérdidas económicas dieron lugar a establecer, entre otras medidas mitigantes, un plan de cesantías urgente, que incluyó la eliminación de una serie de

puestos, entre los que se encontraba el de la recurrida. Aseveró, además, que la recurrida no presentó, ni cuenta, con prueba alguna que sirva para controvertir la situación crítica económica aludida y las medidas tomadas por la empresa para mitigarlas. Por tanto, solo cabía concluir que el despido de la recurrida fue justificado, por tales razones, no porque hubiese intervenido algún tipo de discrimen u hostigamiento.

Sin embargo, y tal como lo apreció el foro primario, juzgamos que el solo examen de la documentación incluida por las partes en sus respectivas mociones no resulta suficiente para concluir que la causa del despido de la recurrida fue la crisis económica, según descrita en el párrafo que precede. Ello por cuanto, aun partiendo para fines de la argumentación de que la condición de la empresa al momento del despido sí era precaria, (advertimos que no estamos adjudicando tal hecho), como mínimo llama la atención que tal acción se llevará a cabo el 8 de junio de 2021, a solo varios días de la reunión del 31 de mayo de 2021 en la cual el señor López se disculpó con la recurrida, por las alegaciones que esta levantó sobre hostigamiento sexual. En este contexto, nos resultan soslayables las manifestaciones de la recurrida, según recogidas en la deposición que se le tomó, sobre presuntas actuaciones del señor López dirigidas a ella, que provocaron la presentación de la querella[2]. Según citamos, el mecanismo procesal de sentencia sumaria está disponible para la disposición de reclamaciones que contengan elementos subjetivos **únicamente cuando no existan controversias de hechos esenciales y pertinentes**. *Rodríguez García v. UCA,* supra.

Al decir lo anterior, advertimos que de modo alguno estamos adjudicando la veracidad de lo narrado por la recurrida en la deposición que se le tomó, ni si las conductas que describió sobre el señor López hacia ella resultaban suficientes en derecho para sostener la causa de acción presentada. No estamos adjudicando lo señalado, por cuanto,

---

[2] Apéndice X del recurso de *certiorari*, págs. 1215, en adelante.

precisamente, juzgamos que la sola lectura de la documentación incluida no resulta suficiente para ponernos en posición de concluir sobre la ausencia de hechos medulares incontrovertidos, sobre las causas del despido, o si acontecieron las conductas imputadas en la demanda que dieron lugar a la solicitud de un remedio. De lo que se sigue que, vista la prueba documental ante nuestra atención, concluimos que no estamos ante un caso susceptible de disponerse por la vía de la sentencia sumaria, pues, como identificó el foro *a quo*, hay hechos que requieren la presentación y valoración de la prueba testifical para ser determinados.

En cuanto al segundo error alzado, no merece mayor consideración. Aduce el peticionario que la recurrida carece de prueba admisible para controvertir la causa de despido que articuló la empresa, (la crisis económica). Lo cierto es que, según apuntamos en los párrafos que preceden, la recurrida cuenta con prueba testifical sobre los hechos alegados, su propio testimonio, que deberá ser valorada, junto a la demás prueba documental y testifical que se presente en el juicio plenario, para entonces poner en verdadera posición al foro primario de adjudicar la causa de acción presentada.

## IV. Parte dispositiva

Según se aprecia, hemos determinado denegar la expedición del auto de *certiorari* solicitado, y ordenar la devolución inmediata del asunto al Tribunal de Primera Instancia, para que se continúen allí los procesos.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones